**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Mert Duymayan, | Case No. 2:25-cv-00223-CDS-DJA |
| Plaintiff, | |
| v. | **Order** |
| Elite Medical Center, LLC, | |
| Defendant. | |

After the Court denied pro se Plaintiff Mert Duymayan's incomplete application to proceed *in forma pauperis* (meaning, without paying the filing fee), Plaintiff filed a renewed application to proceed *in forma pauperis.* (ECF No. 6). However, Plaintiff's application has the same problems as his prior application and Plaintiff did not fix the issues the Court pointed out. So, Court denies Plaintiff's application and will give him one final chance to file a corrected one.

**I.    <u>Discussion.</u>**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her

1   poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial

2   status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

3   Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by

4   denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his

5   poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's

6   personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016

7   U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient

8   grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441,

9   443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on

10  *in forma pauperis* application).

11      Plaintiff's application contains contradictory information because he claims to make no

12  money from employment or any other source, but asserts that he pays $1,450.00 total in monthly

13  expenses. While Plaintiff claims to have a car worth $5,000.00, stocks worth $1,200.00, and

14  $350.00 in a bank account, he does not claim to have sold his car or stocks or to have drained his

15  account to pay his bills. So, it is still not clear how Plaintiff pays his bills given his assertion to

16  make no money from any source. Given these contradictions, the Court cannot determine

17  whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one last

18  opportunity to file a complete *in forma pauperis* application. The Court further orders that

19  Plaintiff may not respond with a zero or "not applicable" in response to any question without

20  providing an explanation for each of the questions. Plaintiff also may not leave any questions

21  blank. Plaintiff must describe each source of money that he receives, state the amount he

22  received, and what he expects to receive in the future.

23      The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court

24  gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable

25  questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full.

26  Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

27

28

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **July 30, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the short form application to proceed *in forma pauperis* and its instructions.[1]

DATED: June 30, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.